UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
BRIAN K. SAVAGE,                              Index No. CV-12-1339 (JBW/CLP)
                        Plaintiff,

**FIRST AMENDED COMPLAINT**

-against-


TRANE INTERNATIONAL, INC.,
TRANE U.S. INC., INGERSOLL-RAND
COMPANY
                        Defendants
--------------------------------------------------------X

Plaintiff, BRIAN K. SAVAGE (hereinafter "plaintiff"), by his attorney, OSONDU ANYADIKE, PLLC, complaining of defendants, Trane International, Inc, Trane U.S Inc, and Ingersoll-Rand Company, (hereinafter jointly called "defendants"), alleges as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action to remedy discrimination on the basis of race in the terms, conditions, and privileges of employment, and for or in retaliation for the exercise of rights in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*. (hereinafter referred to as "Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 (hereinafter referred to as "§ 1981"), the New York State Human Rights Law, Executive Law § 269 *et seq*. (hereinafter referred to as "Human Rights Law"), and the New York City Civil Rights Law (hereinafter referred to as "City Law").

2. Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, and other appropriate legal and equitable relief pursuant to Title VII, § 1981, Human Rights Law, and the City Law.

II.   JURISDICTION AND VENUE

3. This Courts jurisdiction is established pursuant to Title VII, 42 U.S.C. §§ 2000e-5(f)(3) and 42 U.S.C. § 1981.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear related state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims brought under the Human Rights Law and the City Law.

5. As the unlawful employment practices complained of herein occurred within the Eastern District of New York, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 9b) and (c).

### III.  SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

6. Plaintiff has complied with all the procedural prerequisites required by law prior to initiating this action.

7. On or about April 5, 2011, plaintiff filed a discrimination charge against the defendants with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). The charge was timely filed pursuant to Title VII, § 2000e-5(e).

8. On or about December 20, 2011, plaintiff received a Notice of Right to Sue from the EEOC, and plaintiff has timely filed this action.

9. Pursuant to § 8-502 of the City Law, prior to filing this Complaint with the Court, a copy thereof was served on the New York City Commission on Human Rights and on the City of New York Corporation Counsel.

IV.     PARTIES

10. Plaintiff is an adult black male. At all relevant times hereinafter mentioned plaintiff was resident within the City and State of New York. At all relevant times hereinafter mentioned plaintiff was an employee within the meaning of Title VII, the Human Rights Law, and the City Law. At all relevant times hereinafter mentioned plaintiff performed his duties and tasks in a reasonable, satisfactory, and efficient manner.

11. Defendants Trane International, Inc., and Trane U.S. Inc., are subsidiaries of Defendant Ingersoll-Rand Company. All the Defendants are corporations organized, existing, doing business, and, upon information and belief, authorized to do business in the State of New York under the laws of the state of New York. The principal place of business of Defendants Trane International, Inc., and Trane U.S. Inc., upon information and belief, is located at 45-18 Court Square, Long Island, New York 11101, while their registered address of service is 111 Eight Avenue, New York, NY 10011.

12. At all times hereinafter mentioned, Plaintiff was, upon information and belief, an employee, servant, agent or representative of Defendants. Defendants are an employer within the meaning of the Human Rights Law and the City Law and are subject to said statutes.

V.     FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff was employed by Defendants on 5/28/07 as Controls Technician 1. On 3/28/11, Defendants terminated Plaintiff's employment. Prior to said termination, Defendants had over a period of time subjected plaintiff to discriminatory treatments as well as a hostile work environment.

14. Defendants had through their managers/officers – including but not limited to Philip Ansaldi, Dan Palino, Stephen Treulich, and/or Jay Martin - discriminated against plaintiff on the basis of plaintiff's race.

15. When Plaintiff complained about hostile and discriminatory treatment given to him by Defendants, Defendants retaliated against Plaintiff by raising frivolous issues about Plaintiff's job performance and harassing Plaintiff at will, with a veiled threat of terminating Plaintiff's employment, notwithstanding Plaintiff's satisfactory job performance, leading to Plaintiff receiving merit increases at his job.

16. During his employ, Plaintiff was the only African –American Controls Technician as well as the highest paid African-American technician in the Defendant's BASD Controls contracting group; Defendants maintained a policy or custom of excluding African-American employees from holding managerial/technical positions beyond the title of Controls Technician.

17. To curb Plaintiff's career advancement, Defendants' managers pretentiously wrote Plaintiff up, raising issues with Plaintiff's job performance as a prelude to stalling Plaintiff's career rise and/or terminating Plaintiff's employment.

18. Plaintiff was denied enrollment in classes that would otherwise foster Plaintiff's on-the-job performance and growth.

19. Defendants also denied Plaintiff the use of defendant's vehicles and facilities, as he was denied interdepartmental job mobility.

20. Defendants maintained a policy or practice of disparate treatment of its workers based on race or racial minority. Defendants treated Plaintiff differently than Plaintiff's workmates who were Caucasians; on one occasion when Plaintiff complained to one of his managers, Jay Martin, about said disparate treatment he got the retort to his face, 'but you are no Joseph Esposito', a Caucasian.

21. Defendants intentionally discriminated against plaintiff on the basis of plaintiff's race by terminating plaintiff's appointment when he complained of being singled out for unlawful and disparate treatment on account of his race, by suspending Plaintiff on a spurious charge, by denying plaintiff timely vacation, writing Plaintiff up at will, engaging in a course of conduct which included, denial of promotion and subjecting him to discriminatory terms and privileges of employment.

22. At all time relevant, plaintiff felt degraded, dehumanized and disparaged by racial innuendoes, remarks and other discriminatory treatments given to him by Defendants' said managers/officers, all to the knowledge and tolerance of Defendants.

23. To tarnish Plaintiff's job records and diminish his self confidence, Defendants incessantly wrote up Plaintiff, verbally excoriated and harassed Plaintiff over Plaintiff's alleged non-performance and subjected him to hostile work place environment.

24. As a result of the foregoing termination, Plaintiff, among other things, lost wages and pensions, suffered emotional distress and an adverse dent on his career record.

FIRST CAUSE OF ACTION
TITLE VII AND § 1981 DISCRIMINATION

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if set forth herein.

26. By the acts and practices described herein, defendants have discriminated against plaintiff in the terms and conditions of his employment on the basis of his race and in violation of Title VII and § 1981.

27. In taking the above-described discriminatory actions, defendants acted with malice and/or reckless indifference to plaintiff's rights under Title VII and § 1981.

28. As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other monetary damages unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
## NEW YORK HUMAN RIGHTS LAW DISCRIMINATION

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if set forth herein.

30. By the acts and practices described herein, defendants discriminated against plaintiff in the terms and conditions of his employment on the basis of his race and in violation of the New York State Executive (Human Rights) Law §296.

31. In taking the above-described discriminatory actions, defendants acted with malice and/or reckless indifference to plaintiff's rights under the Human Rights Law.

32. As a result of defendants' discriminatory acts, plaintiff suffered and continues to suffer, irreparable injury, emotional distress, loss of employment and other monetary damages.

33. As a result of defendants' aforesaid acts, also, plaintiff became despised by his colleagues, well-meaning members of society and fellow employees.

## THIRD CAUSE OF ACTION
## NEW YORK CITY LAW DISCRIMINATION

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if set forth herein.

35. By the acts and practices described herein, defendants discriminated against plaintiff in the terms and conditions of his employment on the basis of his race and in violation of the New York City Law.

36. In taking the above-described discriminatory actions, defendant acted with malice and/or reckless indifference to plaintiff's rights under the Human Rights Law.

37. As a result of defendants' discriminatory acts, plaintiff suffered and continues to suffer, irreparable injury, emotional distress, loss of employment and other monetary damages.

38. As a result of defendants' aforesaid acts, also, plaintiff became despised by his colleagues, well-meaning members of society and fellow employees.

## FOURTH CAUSE OF ACTION
## HOSTILE WORKPLACE ENVIRONMENT

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

40. Defendants discriminated against Plaintiff by subjecting him to a hostile workplace environment, in violation of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e-5(f)(3) and 42 U.S.C. § 1981.

## FIFTH CAUSE OF ACTION
## HOSTILE WORKPLACE ENVIRONMENT

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

42. Defendants discriminated against Plaintiff by subjecting him to a hostile workplace environment, in violation of the New York State Executive (Human Rights) Law §296.

## SIXTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

44. Defendants discriminated against Plaintiff by subjecting him to a hostile workplace environment, in violation of the New York City Law.

## VI.   PRAYER FOR RELIEF

45.   WHEREFORE, plaintiff respectfully requests that this Court enter a judgment as follows:

   a. declaring that defendants' acts and practices complained of herein are in violation of Title VII, § 1981, the Human Rights Law and the New York City Law;

   b. directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

   c. directing defendants to make plaintiff whole for all earnings plaintiff lost as a result of defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

   d. directing defendants to award plaintiff front pay, including, but not limited to, wages, pension, bonuses, and other lost benefits;

   e. directing defendants to pay plaintiff an additional amount as compensatory damages for his emotional pain and suffering;

   f. directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

   g. awarding plaintiff such interest as is allowed by law;

   h. awarding plaintiff reasonable attorneys' fees and costs; and,

      i. granting such other and further relief as this Court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated:    Brooklyn, New York
May 30, 2012.

OSONDU ANYADIKE, PLLC.

_____
Osondu Anyadike, Esq. (OA0006)
Attorney for Plaintiff
303 Livingston Street
Brooklyn, New York 11217
Tel: (347) 543-1626. Fax- 718-858-2489

.

## **CERTIFICATE OF SERVICE**

Osondu Anyadike, an attorney admitted to practice before this court, hereby certifies under penalty of perjury that on May 29, 2012, the foregoing First Amended Complaint was filed with the clerk of court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following:

> EPSTEIN BECKER & GREEN, P.C
> Attorneys for all the Defendants
> 250 Park Avenue
> New York, New York 10177

> OSONDU ANYADIKE, PLLC.
>
> By /s/ Osondu Anyadike
> _____
> Osondu Anyadike, Esq.
> (OA0006)
> Attorney for Plaintiff
> 303 Livingston Street
> Brooklyn, New York 11217
> Tel: (347) 543-1626. Fax- 718-858-2489